-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID C. PETTIGREW,

        Petitioner,

        -v-

NORMAN BEZIO, Superintendent,

        Respondent.

DECISION and ORDER
10-CV-1053S

---

## I. INTRODUCTION

Petitioner, David C. Pettigrew, filed a pro se petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, alleging that his conviction in County Court, Niagara County, State of New York on October 18, 2007,[1] was unconstitutionally obtained. Petitioner raised 14 separate grounds in support of his petition. (Docket No.1, Petition, at 1-15 (Form Petition) and 1-23 (Attachment to Petition).) Upon review of petition, see Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court directed petitioner to file a § 2254 Timeliness Response Form and show cause why the petition should not be dismissed as time-barred pursuant to the applicable statute of limitations, 28 U.S.C. § 2244(d)(1)(A).[2] (Docket No. 5, Order.)

Petitioner filed a § 2254 Timeliness Response Form ("Response") arguing, in effect, that he should be entitled to equitable tolling of the statute of limitations, see Triestman v.

---

[1] Petitioner was sentenced on December 18, 2007. (Docket No. 1, Petition, ¶ 2.)

[2] See Acosta v. Artuz, 221 F.3d 117, 124-26 (2d Cir. 2000) ("[U]nless it is unmistakably clear from the facts alleged in the petition, considering all of the special circumstances enumerated in Section 2244(d)(1), equitable tolling, and any other factor relevant to the timeliness of the petition, that the petition is untimely, the court may not dismiss a Section 2254 petition for untimeliness without providing petitioner prior notice and opportunity to be heard.") (citations omitted).

*Fed. Bur.of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (courts must construe *pro se* pleadings to raise strongest arguments they suggest) (quotations and citation omitted), because on February 12, 2010, while he was finalizing the petition at the Bare Hill Correctional Facility and within the one year statue of limitations, he was placed in the Special Housing Unit "for a Charge [he] did not do." (Docket No. 6, Response, at ¶ 1.) As a result of being placed in SHU and transfered to another facility, a correctional officer was required to pack up his belongings and while doing so "destroyed" his petition and "a lot of his notes." (*Id.*) On March 15, 2010, while at the Great Meadow Correctional Facility, where he was transferred from Bare Hill, he filed a grievance claiming that the charge (misbehavior report) filed against him at Bare Hill was false and on April 15, 2010, he submitted an "Inmate Claim Form" regarding his missing legal work and other items of personal property. (Response, ¶ 1, and Exhibits A, C.) The Inmate Claim Form stated "[s]ome of [his] legal work is missing" as well as several other items of personal property, which occurred while a correctional officer packed up his personal property when he was placed in SHU.

He also claims that pursuant to Department of Correctional and Community Supervision ("DOCCS") Directive NO. 4483, law libraries shall be open at least seven hours per day, at least six days per week, or six hours per day, seven hours per week, unless a written variance has been issued. (*Id.*, Exhibit D.) A memo, dated April 23, 2007, was issued regarding a revised variance at Great Meadow which noted that the law library would be open Monday through Friday, nine hours per day. (*Id.*) While in SHU an inmate may request, in writing, a maximum of two items from the law library per day, and may retain legal items for a period of not less than 16 hours and no more than 24 hours. (*Id.*)

Plaintiff's grievance related to his claim that the misbehavior report was retaliatory was denied. The written denial, dated June 23, 2010, also notes that if petitioner had any issues regarding access to the law library he had to address them with the Upstate Law Library Supervisor or Administrator, where he had later been transferred, and that with respect to the lost or stolen property he had the right to proceed with a claim pursuant to the Inmate Personal Property Claim Directive. (Response, Exhibit A.) He was later transferred from Upstate to Great Meadow on May 21, 2010, and four days later he went to the Law Library to ask about the "deadline" for filing his petition and was told by the "law library CO" that he "could go up to 90 days passed deadline," so he was "still be good [sic]." (Petition, ¶ 18, at 14 (Form Petition).) He claims that his deadline was May 29, 2010, and while at Great Meadow he was placed on a rotation at the library of one day per week, one and one-half hours per day until June 29, 2010, and then he was placed on a rotation of five days per week, one and one-half hours per day, for 60 days, which he believed was until the end of his purported habeas corpus deadline of "August 29, 2010." He claims he needed to more weeks to prepare the petition but was told that once the deadline for filing the petition had expired, he would be placed back on the original rotation of one day per week, for one and one-half hours per day. All of this, he claims, are the reasons his petition was filed late. (*Id.*) The petition was filed on December 16, 2010, which is the date petitioner certified that he "served by United States Mail" the petition. (Petition, Certificate of Service.)[3]

---

[3] *See Houston v. Lack*, 487 U.S. 266, 271, 108 S. Ct. 2379, 2382, 101 L. Ed.2d 245 (1988) (a *pro se* prisoner litigant's papers are deemed to have been filed when they are placed in the hands of prison officials for mailing); *see also Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993) (same), *modified on reh'g*, 25 F.3d 81 (2d Cir. 1994).

## II. DISCUSSION

The petition was filed more than one year after the conviction became final. Pursuant to 28 U.S.C. § 224(d)(1)(A), petitioner's conviction became "final" on July 17, 2009--*i.e.*, 90 days after the New York Court of Appeals denied his application for leave to appeal from the Appellate Division, Fourth Department's Order affirming his conviction. (*People v. Pettigrew*, 12 N.Y.3d 820, 908 N.E.2d 935, 881 N.Y.S.2d 27 (Table) (N.Y. April 17, 2009); Docket No. 6, Response, Exhibit, Order of Piggott, E., A.J., dated April 17, 2009.) One year from the date the conviction became final was July 17, 2010, and the petition was not filed until December 16, 2010--152 days "late." While petitioner did file a motion for post-conviction collateral relief, said motion was denied prior to the time the conviction became final on July 17, 2009. (Petition, ¶ 11; Response, Table.)[4]

In order to be entitled to equitable tolling of the statute of limitations, *see Holland v. Florida*, ---U.S. ---, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010) (Supreme Court recognized that AEDPA's statute of limitations is subject to equitable tolling), petitioner must establish that " 'extraordinary circumstances prevented him from filing his petition on time,' and that he 'acted with reasonable diligence throughout the period he seeks to toll.' " *Doe v. Menifee*, 391 F.3d 147, 159 (2d Cir. 2004) (quoting *Smith v. McGinnis*, 208 F.3d

---

[4]A motion pursuant to N.Y.C.P.L. § 440.10 was filed on January 19, 2009, and was denied on February 10, 2009. An application for leave to appeal from denial of that motion was denied by the Appellate Division, Fourth Department on May 27, 2009. *See Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999) (a § 440.10 motion is "pending" for purposes of AEDPA at least from the time it is filed through the time in which the petitioner could file an application for a certificate for leave to appeal the Appellate Division's denial of the motion.); *see also Marel v. Lord*, 1998 WL 17730, at *1 (S.D.N.Y.), *aff'd*, 173 F.3d 845 (2d Cir.1999) ("[T]he Second Circuit has held that once the Appellate Division denied [petitioner] leave to appeal the denial of [her] section 440.10 motion, [she] had reached the end of the road within the state system for purposes of exhaustion.") (alterations in original) (quoting *Klein v. Harris*, 667 F.2d 274, 284 (2d Cir.1981) (internal quotation marks and other citations omitted)).

4

13, 17 (2d Cir.2000) (*per curiam*). The Second Circuit has "established only a limited number of circumstances that may merit equitable tolling, such as where an attorney's conduct is so outrageous and incompetent that it is truly extraordinary, see *Baldayaque [v. United States]*, 338 F.3d [145], 152 [(2d Cir.2003)], and where prison officials intentionally obstruct a petitioner's ability to file his petition by confiscating his legal papers, see *Valverde v. Stinson*, 224 F.3d 129, 133-34 (2d Cir.2000)." *Doe v. Menefee*, 391 F.3d at 160.

Generally, "the difficulties attendant on prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances." *Gant v. Goord*, 430 F.Supp.2d 135, 139 (W.D.N.Y.2006); see, e.g., *Pillco v. Bradt*, 10 Civ. 2393, 2010 WL 3398467 at *2 (S.D.N.Y. Aug. 26, 2010) ("To meet the extraordinary circumstances standard, a petitioner must prove that the cause of his delay was both beyond his control and unavoidable even with diligence. For example, difficulty in gaining library access, prison lockdowns, [petitioner's] lack of legal training, poor eyesight, and transfers to various prisons' fail to meet the requisite extraordinary circumstances.") (footnote, citation, and quotation marks omitted); *Richard v. Rock*, No. 08-CV-145, 2009 WL 383762 at *7 (N.D.N.Y. Feb. 10, 2009) ("In general, the difficulties attendant on prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances."); *Myrick v. Bradt*, No. 08-CV-4972, 2009 WL 210868 at *2 (E.D.N.Y. Jan. 28, 2009) ("Although petitioner's

confinement to the S.H.U. may have concluded at about the time the statute of limitations period ended, petitioner has not stated any reason why he was prevented from filing his petition during that period."); *Lora v. United States*, 07 Civ. 6936, 2007 WL 4966776 at *3 (S.D.N.Y. Nov. 21, 2007) ("Difficulties in pursuing a habeas petition created by the routine restrictions of prison life, however, are not extraordinary circumstances for purposes of equitable tolling.") (quotations omitted), report & rec. adopted, 2008 WL 577174 (S.D.N.Y. Mar. 3, 2008).

The Second Circuit has also recognized, however, that "[t]he intentional confiscation of a prisoner's habeas corpus petition and related legal papers by a corrections officer is 'extraordinary' as a matter of law." *Valverde v. Stinson*, 224 F.3d 129, 133-35 & n.3 (2d Cir. 2000) (citing *Morello v. James*, 810 F.2d 344, 347 (2d Cir.1987) (holding that "intentional obstruction of a prisoner's access to the courts" by means of confiscating his legal work product "is precisely the sort of oppression that [violates] the Fourteenth Amendment"). "[A] person is plainly 'prevented' from filing a pleading for some period of time if he is deprived of the sole copy of that pleading." *Valverde*, 224 F.3d at 134.

The Court notes that petitioner claims and has submitted more than just conclusory assertions of the destruction of his habeas petition and notes. *See Lewis v. McGinnis*, No. 04-CV-32, 2008 WL 833964 at *21 (N.D.N.Y. Mar. 27, 2008) ("A petitioner claiming extraordinary circumstances must support that claim with evidence and not simply with personal conclusions or assessments.") (Citations and quotation marks omitted). He provides copies of his grievances and Inmate Claim Form which note his complaints regarding the destruction or loss of his legal papers when they were packed upon his placement in SHU and transfer in February 2010. Petitioner also claims that during the

time between the transfer and destruction of his papers, he continually attempted to prepare his habeas petition and was, at times, restricted in his use of the libraries at the facilities in which he was incarcerated. While, as noted, the ordinary incidents of prison life, such as transfers, solitary confinement and restricted access to the law library, do not generally qualify as extraordinary circumstances, *see, e.g.*, *Gant*, 430 F. Supp. 2d at 139, this Court cannot determine on the record before it whether such things may have some relevance to the question of whether Petitioner diligently pursued his rights. The limitations period expired in July 2010--after he claims his petition was destroyed or lost--and he claims, with some support, that he sought and was provided some access to the law library before and after the time his petition would have been timely.

Because petitioner has raised at least a colorable claim of equitable tolling and because respondent has not yet been directed to respond to the petition and its timeliness *vel non.*, this Court finds that, based on the limited record before it, it should not prematurely determine whether petitioner is entitled to equitable tolling. Accordingly, as set forth below, Respondent will be directed to file and serve an answer and memorandum of law in response to the petition, and to address specifically the issue of whether petitioner is entitled to equitable tolling of the statute of limitations. Respondent shall provide any and all documents in DOCCS' possession, which may aid the Court in its determination of the issue of equitable tolling.

### III. ORDERS

IT IS HEREBY ORDERED that:

1.     Respondent shall file and serve an **answer** to the petition, in accordance with Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts, no later than **February 20, 2012**. Further, the answer shall state whether a trial or any pre-trial or post-trial evidentiary proceeding were conducted. If any such proceeding was conducted, under the authority of Rule 4, the Court hereby directs respondent to provide to the Court the transcript of the proceeding, together with any record(s) of, and documents relating to, such proceeding, and such documents will be filed in the official record of this case.

Respondent also shall file and serve by the above date a **memorandum of law** addressing each of the issues raised in the petition and including citations to relevant supporting authority.

Within thirty (30) days of the date this order is served upon the custodian of the records, the Clerk of Court or any other official having custody of the records of the proceedings in County Court at issue now before this Court shall submit such records to Respondent or the Respondent's duly authorized representative.

If Petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, under the authority of Rule 4, the Court hereby directs respondent to provide to the Court a copy of the briefs and record on appeal and the opinions of the appellate courts, if any, and such documents will be filed in the official record of this case.

Petitioner shall have thirty (30) days upon receipt of the answer to file a written response to the answer and memorandum of law.

Within thirty (30) days of the date this order is filed with the Clerk of Court, Respondent may file a motion for a more definite statement or a motion to dismiss the petition, accompanied by appropriate exhibits which demonstrate that an answer to the petition is unnecessary. The timely filing of such motion shall extend the time for filing an answer for fourteen (14) days, but the failure of the Court to act upon the motion within that time shall not further extend the time for filing an answer.

2. The Clerk of Court shall serve a copy of the petition, together with a copy of this order upon Respondent Superintendent of Great Meadow Correctional Facility and upon the Office of the Attorney General, Federal Habeas Unit, 120 Broadway, 12th Floor, New York, New York 10271-0332. To advise appropriate Niagara County officials of the pendency of this proceeding, the Clerk of Court shall also mail a copy of this order to the District Attorney of Niagara County.

**PETITIONER MUST FORWARD A COPY OF ALL FUTURE PAPERS AND CORRESPONDENCE TO THE ATTORNEY APPEARING FOR RESPONDENT.**

SO ORDERED.

Dated:   January 11, 2012
         Buffalo, New York

_____
WILLIAM M. SKRETNY
Chief Judge
United States District Court